**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCOS ANTONIO LOMELI, | No. 07-73250 |
| Petitioner, | Agency No. A017-224-401 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 3, 2014
Pasadena, California

Before: BYBEE, BEA, and IKUTA, Circuit Judges.

Marcos Lomeli petitions for review of the BIA's denial of his claim of

United States citizenship and his application for deferral of removal under the

Convention Against Torture (CAT), and challenges the district court's conclusion

that Lomeli did not acquire derivative citizenship from his mother under 8 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§ 1401(a)(7) (1952). We have jurisdiction under 8 U.S.C. § 1252, and we affirm the judgment of the district court and deny Lomeli's petition for review.

The government was not equitably estopped from denying that Lomeli's mother met the requirements of § 1401(a)(7). The Immigration and Customs Enforcement (ICE) officer who decided not to place an immigration detainer on Lomeli following his release from prison lacked the authority to adjudicate Lomeli's citizenship status, and therefore his conclusion was not binding on the government. *Cf. Watkins v. U.S. Army*, 875 F.2d 699, 707–08 (9th Cir. 1989); *Wagner v. Dir., Fed. Emergency Mgmt. Agency*, 847 F.2d 515, 519 (9th Cir. 1988). Nor did the government engage in the sort of "deliberate lie or a pattern of false promises" that establishes affirmative misconduct. *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1184 (9th Cir. 2001) (en banc) (internal quotation marks omitted). The government's three-month delay in producing the 1968 statement falls far short of the kind of delay that could give rise to estoppel. *See Morgan v. Gonzales*, 495 F.3d 1084, 1092 (9th Cir. 2007); *Jaa v. U.S. INS*, 779 F.2d 569, 572 (9th Cir. 1986). In any event, neither the "application of the doctrine of estoppel" nor the "invocation of equitable powers" authorizes a court to confer citizenship in violation of the limitations imposed by Congress. *INS v. Pangilinan*, 486 U.S. 875, 884–85 (1988).

Substantial evidence supports the BIA's determination that Lomeli failed to show that he is more likely than not to be tortured upon his return to Mexico. *See* 8 C.F.R. § 1208.16(c)(2). The BIA took into account the evidence surrounding Lomeli's 1969 encounter with the police, but that single encounter does not compel a determination that Lomeli is likely to be tortured upon his return to Mexico more than 40 years later. The reports from the State Department and Amnesty International indicate that the Mexican government is making efforts to improve conditions for members of the LGBT community, and do not indicate that government officials engage or acquiesce in discrimination against or violence toward homosexuals. *Cf. Garcia-Milian v. Holder*, No. 09-71461, 2014 WL 555138, at *6 (9th Cir. Feb. 13, 2014). The BIA referenced and applied the correct standard for CAT claims, and we reject Lomeli's argument to the contrary.

**JUDGMENT AFFIRMED, PETITION DENIED.**